IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARC ECOLOGY, et al.,

        Plaintiffs,                 No. CIV S-07-2320 GEB GGH

        vs.

UNITED STATES
MARITIME ADMINISTRATION, et al.,        <u>ORDER</u>

        Defendants.

_____/

        The parties have sought to have the court sign a protective order where documents designated by the parties as "confidential," or "highly confidential" are automatically filed under seal.  Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed.  The protective order submitted by the parties has the same potential problem.  This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal.

        Discovery information disclosed in court filings generally is available to the public.  See <u>San Jose Mercury News, Inc. v. United States Dist. Ct.</u>, 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a

\\\\\

1

1   court order to the contrary, presumptively public").[1]

2       Protective orders safeguard the parties and other persons in light of the otherwise
3   broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The
4   court has great discretion to issue protective orders if discovery causes annoyance,
5   embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States,
6   596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order.
7   Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.
8   2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the
9   public can gain access to litigation documents and information produced during discovery unless
10  the party opposing disclosure shows 'good cause' why a protective order is necessary").

11      "Good cause" to bar the public from litigation documents must be more than
12  mere desire. The party seeking protection must show specific prejudice or harm, including, with
13  respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc.,
14  187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure
15  Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of
16  information to the public, then it balances the public and private interests to decide whether a
17  protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v.
18  Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

19      Accordingly, if the parties desire a protective order to be filed in this court, the
20  parties shall submit a protective order which permits a filing under seal only upon a
21  particularized showing of good cause.

22      IT IS SO ORDERED.

23  Dated: 07/14/08                     /s/ Gregory G. Hollows
                                                     United States Magistrate Judge
24

---

25    [1] A party may have the right to protect from public disclosure information which has
26  been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).