SCOTT J. ALLEN (CAL SBN 178925)
LARIVIERE, GRUBMAN & PAYNE
19 UPPER RAGSDALE DRIVER, STE 200
Monterey, CA 93942
Telephone:    (831) 649-8800
Facsimile:    (831) 649-8835
E-mail: sallen@lgpatlaw.com

Attorneys for Plaintiffs

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARC ECOLOGY, SAN FRANCISCO BAYKEEPER, and NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES MARITIME ADMINISTRATION; SEAN T. CONNAUGHTON, in his official capacity as Maritime Administrator; UNITED STATES DEPARTMENT OF TRANSPORTATION; and MARY E. PETERS, in her official capacity as Secretary of Transportation, <br><br> Defendants. | Case No. 2:07 CV-2320 GEB GGH <br><br> STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

Plaintiffs, Arc Ecology, San Francisco Baykeeper, and Natural Resources Defense Council, Inc. (collectively "Plaintiffs"), Defendants, United States Maritime Administration, Sean T. Connaughton, United States Department of Transportation, and Mary E. Peters (collectively "Defendants"), and Marine Metal, Inc. ("MMI"), which is not a party the above-referenced action, by and through their respective counsel, stipulate and agree that a protective order should be entered in this action to protect confidential and commercially sensitive information that may be produced or otherwise disclosed by MMI. To facilitate production and receipt of information during discovery, the parties stipulate and agree that a protective order be entered,

1

Arc Ecology et al. v. U.S. Maritime Administration et al.                                                    Stipulation and Protective Order
Case No. 2:07 CV-2320 GEB GGH

subject to the approval of the Court, as follows:

## Materials Covered

1. This Protective Order shall apply to MMI's internal documents and all information and materials disclosed, exchanged, subpoenaed, and/or produced voluntarily or by order of the Court during the course of the above-captioned matter by MMI, including information disclosed pursuant to that certain Subpoena dated April 2, 2008 and served on MMI in this action. The documents and/or information identified above shall be referred herein collectively as "Confidential."

## Method of Designation

2. MMI may designate as "Confidential" the entirety of or any portion of any document or related materials, provided the designation is made in good faith, as follows:

   a. "Confidential" materials are any materials containing information, the disclosure of which may be commercially sensitive, proprietary or may have the effect of causing harm to the competitive or financial position of MMI.

   b. Documents or other tangible documents or information produced by MMI may be designated as "Confidential" by stamping, attaching or writing the legend "Confidential" on the document or other information at or before production; including the legend "Confidential" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated.

   c. Where only portions of documents or information are designated as "Confidential," MMI shall designate the parts of said materials for which confidentiality is claimed, and only those parts shall be subject to this Stipulation and Protective Order.

   d. Inadvertent failure to designate documents or information as "Confidential" at the time of production or disclosure shall not operate to waive the right to later seek an order of the Court designating such Documents or information as "Confidential."

## Treatment of "Confidential" Documents or Information

3. No copies of "Confidential" documents or information shall be made except to the extent necessary for the preparation of and conduct of this litigation, including discovery,

2

Arc Ecology et al. v. U.S. Maritime Administration et al.                    Stipulation and Protective Order
Case No. 2:07 CV-2320 GEB GGH

motion practice, trial, or appeal. Any person responsible for making such copies must ensure that the copies adequately reflect the "Confidential" designation.

4. Documents or information designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except the following and such disclosures shall only be made to the extent necessary:

   a. the Court and jurors;
   b. court reporters who record depositions or other testimony in this action;
   c. counsel of record to the parties in this litigation, and the legal associates, paralegals and support staff who are employed by such counsel and are actually involved in assisting in this litigation;
   d. parties, including employees of the parties who are assisting in the litigation;
   e. experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial;
   f. deposition and trial witnesses;
   g. any other person upon the written agreement of MMI, or pursuant to Court order.

5. All persons authorized by this Protective Order to receive information from documents or information designated as "Confidential" shall maintain such information in accordance with this Protective Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation and for no other purpose. Documents or information designated as "Confidential" and the contents thereof shall not be used for any business, commercial or competitive purpose, or used in any other litigation or proceeding. The restrictions placed by this Order on a party in possession of documents or information shall not apply to materials that were in the receiving party's lawful possession prior to disclosure in this litigation unless the receiving party previously received the information under an obligation of confidentiality.

3

Arc Ecology et al. v. U.S. Maritime Administration et al.                              Stipulation and Protective Order
Case No. 2:07 CV-2320 GEB GGH

1      6.   All persons authorized to receive "Confidential" documents or information under
2 this Protective Order (other than the Court and court reporter), shall be shown a copy of this
3 Protective Order, and, if not a lawyer acting as counsel to a party in this action or an employee
4 of such counsel, shall, in a written and signed certificate in the form attached hereto as
5 Appendix A, state that he or she has read this Protective Order and agrees to be bound by its
6 terms.  Counsel of record for that party shall then retain the Certificate until the conclusion of
7 the litigation, and shall make such Certificates available to other counsel upon written request
8 after the conclusion of the litigation.

### Inadvertent Disclosure

10     7.   In the event that information from documents or information designated as
11 "Confidential" is disclosed to someone not authorized to receive such information under this
12 Protective Order, counsel of record for the party involved shall immediately give notice of such
13 unauthorized disclosure to counsel of record for MMI, and also shall describe the
14 circumstances of the unauthorized disclosure.

### Filing and Use in Court

16     8.   If documents or information designated as "Confidential" or quotes from or
17 references to such materials are to be included in papers filed with or otherwise disclosed to
18 the Court, such papers shall be labeled "Confidential Subject to Protective Order."  If any party
19 includes documents or information designated as "Confidential" or quotes from or references
20 to such materials in papers filed with or otherwise disclosed to the Court, such party shall
21 notify each of the other parties hereto of the use of such documents, information, quotes or
22 references.  Within 60 days of receiving such notice, any party to this agreement may move
23 the Court for an order directing that all or any part of any documents or information designated
24 as "Confidential" or any quotes from or references to such materials in papers filed with or
25 otherwise disclosed to the Court shall be maintained under seal and not be available for public
26 review.  Any such motion must demonstrate a particularized showing of good cause.  Means
27 to preserve the confidentiality of information presented at a hearing or the trial of this matter
28 shall be considered and implemented prior to the beginning of such hearing or trial.

4

9. Nothing herein shall prevent any of the parties from using "Confidential" documents or information in connection with any trial, hearing or other proceeding in this matter or from seeking further protection with respect to the use of any "Confidential" documents or information in connection with such trial, hearing or other proceeding in this matter.

### Conclusion of Litigation

10. Within thirty (30) days of the conclusion of the above captioned matter, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return to the producing party of all documents or information designated as "Confidential" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either destroy all such materials or return them to counsel for the party or non-party who initially produced the documents or information, except that counsel may retain their work product copies of court filings and official transcripts and exhibits, provided that the party that retains the "Confidential" documents or information continues to treat them in the manner provided herein. The provisions of this Protective Order shall survive the conclusion of this action, and the Court will retain jurisdiction to enforce them.

### Amendment of this Agreement/Counterparts

11. The provisions of this Protective Order may only be modified at any time by written stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court. This Protective Order may be signed in counterparts, and may include a facsimile signature as an original.

### Reservation of Rights

12. Nothing in this Protective Order shall constitute: (a) any agreement by the parties to produce any documents or supply any information in discovery not otherwise agreed upon or required by Court order; (b) a waiver by any person or party of any right to object to or seek a further Protective Order with respect to any discovery request in this or in any other action;

5

Arc Ecology et al. v. U.S. Maritime Administration et al.                              Stipulation and Protective Order
Case No. 2:07 CV-2320 GEB GGH

(c) a waiver of any claim or immunity or privilege with regard to any testimony, document, or information; or (d) an admission or concession by any party that the information designated "Confidential" hereunder is, in fact, confidential, proprietary, a trade secret or otherwise protectable.

STIPULATED AND AGREED TO:

Dated: November 6, 2008

/s Scott J. Allen
SCOTT J. ALLEN (Cal. Bar No. 178925)
LARIVIERE, GRUBMAN & PAYNE
19 Upper Ragsdale Drive, Ste. 200
Monterey, CA  93942
Telephone:   (831) 649-8800
Facsimile:     (831) 649-8835
E-mail: sallen@lgpatlaw.com

MICHAEL E. WALL (Cal. Bar No. 170238)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter Street, 20th Floor
San Francisco, California  94104
Telephone:   (415) 875-6100
Facsimile:     (415) 875-6161
E-mail:  mwall@nrdc.org

THOMAS CMAR (admitted *pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Ave., NW, Ste. 400
Washington, DC  20005
Telephone:   (202) 289-2405
Facsimile:     (202) 289-1060
E-mail:  tcmar@nrdc.org

DAVID A. NICHOLAS (admitted *pro hac vice*)
20 Whitney Road
Newton, MA  02460
Telephone:   (617) 964-1548
Facsimile:     (617) 663-6233
E-mail:  dnicholas@verizon.net

Attorneys for Plaintiffs Arc Ecology, San Francisco Baykeeper, and Natural Resources Defense Council, Inc.

Dated: November 6, 2008

 /s Kenneth R. Stone (as authorized on 8/4/08)
KENNETH R. STONE (Cal. Bar No. 67717)
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone:   (916) 925-6620
Facsimile:     (916) 925-1127
E-mail: kstone@hsmlaw.com

Attorneys for Marine Metal, Inc.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 6, 2008 | McGREGOR W. SCOTT<br>United States Attorney |
| 3 | | TODD A. PICKLES<br>Assistant United States Attorney |
| 4 | _____ | 501 I Street, Suite 10-100<br>Sacramento, CA  95814 |
| 5 | | |
| 6 | _____ | /s Leslie Hill (as authorized on 10/22/08)<br>LESLIE HILL |
| 7 | | ADAM KATZ<br>Trial Attorneys |
| 8 | | U.S. Department of Justice<br>ENRD/EDS |
| 9 | | P.O. Box 23986<br>Washington, DC  20026-3986 |
| 10 | | Telephone:   (202) 514-0375<br>Facsimile:     (202) 514-8865 |
| 11 | | E-mail:  leslie.hill@usdoj.gov |
| 12 | | CLAY SAMFORD<br>BRIAN COLLINS |
| 13 | | Trial Attorneys<br>U.S.Department of Justice |
| 14 | | ENRD/NRS<br>P.O. Box 663 |
| 15 | | Washington, DC  20044-0663<br>Telephone:   (303) 844-1475(Samford) |
| 16 | | Facsimile:     (303) 844-1350<br>E-mail: clay.samford@usdoj.gov |
| 17 | | Attorneys for Defendants |

Nothing in this protective order shall be construed as protecting confidential documents from lawful discovery in other litigation.

IT IS SO ORDERED.

Dated:   November 17, 2008                    /s/ Gregory G. Hollows
       _____                         _____
                                              UNITED STATES MAGISTRATE JUDGE

arc.po2

7

Arc Ecology et al. v. U.S. Maritime Administration et al.                         Stipulation and Protective Order
Case No. 2:07 CV-2320 GEB GGH

# APPENDIX "A"

# ACKNOWLEDGMENT AND AGREEMENT

I, _____, do solemnly swear:

I have been given a copy of and have read the Protective Order issued in the case of Arc Ecology, et al. v. United States Maritime Administration, et al., understand its contents, and hereby agree to be bound by each of its terms. I agree to make no disclosures of documents or information designated as "Confidential" to any person who is not permitted to have access to such materials by this Protective Order. In addition, I agree not to use such documents or information for any purpose whatsoever other than for assistance in this litigation. I hereby consent to the jurisdiction of this court for purposes of enforcing this Protective Order.

Dated: _____                                        _____

8

Arc Ecology et al. v. U.S. Maritime Administration et al.                                        Stipulation and Protective Order
Case No. 2:07 CV-2320 GEB GGH