JOHN C. CRUDEN
Acting Assistant Attorney General
LESLIE M. HILL
MICHELLE LAMBERT
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20044-3986
Telephone: (202) 514-0375
Facsimile: (202) 514-8865
E-Mail: leslie.hill@usdoj.gov

Attorneys for Defendants

MICHAEL E. WALL (Cal. Bar No. 170238)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter Street, 20th Floor
San Francisco, California 94104
Telephone:   (415) 875-6100
Facsimile:    (415) 875-6161
E-mail: mwall@nrdc.org

Attorneys for Plaintiffs
[Additional Counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| ARC ECOLOGY, et al., <br><br> Plaintiffs, <br> v. <br> UNITED STATES MARITIME ADMINISTRATION, *et al.*, <br><br> Defendants. | Case No.: 2:07-cv-2320-GEB-GGH <br><br> **STIPULATION AND PROTECTIVE ORDER** |
| CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION, <br><br> Plaintiff-Intervenor, <br> v. <br> UNITED STATES MARITIME ADMINISTRATION, *et al.*, <br><br> Defendants. | |

//

Plaintiffs Arc Ecology, San Francisco Baykeeper, and Natural Resources Defense Council, Inc. (collectively "Environmental Plaintiffs"), Plaintiff-Intervenor California Regional Water Quality Control Board, San Francisco Bay Region, and defendants United States Maritime Administration ("MARAD"), James E. Caponiti, in his official capacity as Acting Deputy Maritime Administrator, United States Department of Transportation, and Ray H. LaHood, in his official capacity as Secretary of Transportation (collectively "Defendants"), by and through their respective counsel, stipulate and agree that a protective order should be entered in this action to protect confidential and commercially sensitive information that may be produced or otherwise disclosed by MARAD. To facilitate production and receipt of information during discovery, the parties stipulate and agree that a protective order be entered, subject to the approval of the Court, as follows:

### Materials Covered

I. Disclosure of the following documents, or highlighted portions thereof, consist of one or more of the following categories: Proprietary and Source Selection Data – information related to the government decision making process (including the decision itself) for an award of a contract to industry. Consistent with FAR Part 3.104.5 this Proprietary and source selection information may only be disclosed to individuals authorized by the head of an agency. Further, some of these documents contain confidential business information ("CBI"). Disclosure of these data would impair Defendants' ability to gather this type of information in the future. Further, there is likelihood of substantial competitive harm in the event information contained in the following documents is disclosed in that competitors could use this information to undercut future offers, especially in regards to vessel recycling services.

| |
|---|
| MARAD001639 |
| MARAD001730 |
| MARAD001731 |

| # | Document |
|---|---|
| 1 | MARAD002116 |
|   | MARAD002124 |
| 2 | MARAD002187 |
| 3 | MARAD004978 |
| 4 | MARAD005366 |
|   | MARAD025007-13 |
| 5 | MARAD025017-22 |
| 6 | MARAD025111-12 |
|   | MARAD025117-29 |
| 7 | MARAD025142-43 |
| 8 | MARAD025144-45 |
|   | MARAD025146-47 |
| 9 | MARAD025148-49 |
| 10 | MARAD025158-59 |
| 11 | MARAD025160-65 |
|   | MARAD025166-67 |
| 12 | MARAD025191-92 |
| 13 | MARAD025229-30 |
|   | MARAD025240-43 |
| 14 | MARAD025326-27 |
| 15 | MARAD025375-76 |
|   | MARAD025455-56 |
| 16 | MARAD025467-68 |
| 17 | MARAD025561-63 |
| 18 | MARAD025564-65 |
|   | MARAD025566-68 |
| 19 | MARAD025569-70 |
| 20 | MARAD025573-75 |
|   | MARAD025671-72 |
| 21 | MARAD025674-75 |
| 22 | MARAD026009-10 |
|   | MARAD026181-82 |
| 23 | MARAD026194-207 |
| 24 | MARAD026483-84 |
| 25 | MARAD026615-16 |
|   | MARAD026617-18 |
| 26 | MARAD026620-21 |
| 27 | MARAD026931-32 |
| 28 | |

| MARAD026973-74 |
| MARAD027029-41 |
| MARAD027042-51 |
| MARAD029494-514 |
| MARAD062893-94 |
| MARAD062896-97 |
| MARAD062899-900 |
| MARAD062901-03 |
| MARAD062905-06 |
| MARAD063767-875 |
| MARAD063858-916 |
| MARAD064077-228 |
| MARAD064229-231 |
| MARAD000045-47 |

- Transcript of United States' Maritime Administration Designated Representative Curt Michanczyk at 509-512, Arc Ecology et al v. U.S. Maritime Administration, et al., No. 2:07-cv-2320 (E.D. Cal. June 10, 2009).

**Method of Designation**

II.  Defendants may designate as "Confidential" the entirety of or any portion of the documents listed in Section I above, provided the designation is made in good faith, as follows:

A.  Confidential" materials are any materials containing information listed in Section I.

B.  Documents or other tangible documents or information produced by MARAD may be designated as "Confidential" by stamping, attaching, or writing the legend "Confidential" on the document or other information at or before production; including the legend "Confidential" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated.

   C. Where only portions of documents or information are designated as "Confidential," MARAD shall designate the parts of said materials for which confidentiality is claimed, and only those parts shall be subject to this Stipulation and Protective Order.

   D. Inadvertent failure to designate documents or information as "Confidential" at the time of production or disclosure shall not operate to waive the right to later seek an order of the Court designating such Documents or information as "Confidential."

### Treatment of "Confidential" Documents or Information

 III. No copies of "Confidential" documents or information shall be made except to the extent necessary for the preparation of and conduct of this litigation, including discovery, motion practice, trial, or appeal. Any person responsible for making such copies must ensure that the copies adequately reflect the "Confidential" designation.

 IV. Documents or information designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except the following and such disclosures shall only be made to the extent necessary:

  A. the Court;

  B. court reporters who record depositions or other testimony in this action;

  C. counsel of record to the parties in this litigation, and the legal associates, paralegals and support staff who are employed by such counsel and are actually involved in assisting in this litigation;

  D. any other person upon the written agreement of MARAD, or pursuant to Court order.

 V. All persons authorized by this Protective Order to receive information from documents or information designated as "Confidential" shall maintain such information in

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:07-CV-2320-GEB-GGH

-5-

accordance with this Protective Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation and for no other purpose. Documents or information designated as "Confidential" and the contents thereof shall not be used for any business, commercial or competitive purpose, or used in any other litigation or proceeding. The restrictions placed by this Order on a party in possession of documents or information shall not apply to materials that were in the receiving party's lawful possession prior to disclosure in this litigation unless the receiving party previously received the information under an obligation of confidentiality.

VI. All persons authorized to receive "Confidential" documents or information under this Protective Order (other than the Court and court reporter), shall be shown a copy of this Protective Order, and, if not a lawyer acting as counsel to a party in this action or an employee of such counsel, shall, in a written and signed certificate in the form attached hereto as Appendix A, state that he or she has read this Protective Order and agrees to be bound by its terms. Counsel of record for that party shall then retain the Certificate until the conclusion of the litigation, and shall make such Certificates available to other counsel upon written request after the conclusion of the litigation.

**Inadvertent Disclosure**

VII. In the event that information from documents or information designated as "Confidential" is disclosed to someone not authorized to receive such information under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure to counsel of record for MARAD, and also shall describe the circumstances of the unauthorized disclosure.

**Filing and Use in Court**

VIII. If documents or information designated as "Confidential" or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential Subject to Protective Order." If any party includes documents or information designated as "Confidential" or quotes from or references to such materials in papers filed with or otherwise disclosed to the Court, such party shall notify each of the other parties hereto of the use of such documents, information, quotes or references. Within 60 days of receiving such notice, any party to this agreement may move the Court for an order directing that all or any part of any documents or information designated as "Confidential" or any quotes from or references to such materials in papers filed with or otherwise disclosed to the Court shall be maintained under seal and not be available for public review. Any such motion must demonstrate a particularized showing of good cause. Means to preserve the confidentiality of information presented at a hearing or the trial of this matter shall be considered and implemented prior to the beginning of such hearing or trial.

IX. Nothing herein shall prevent any of the parties from using "Confidential" documents or information in connection with any trial, hearing or other proceeding in this matter or from seeking further protection with respect to the use of any "Confidential" documents or information in connection with such trial, hearing or other proceeding in this matter.

**Conclusion of Litigation**

X. Within thirty (30) days of the conclusion of the above captioned matter, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return to the producing party of all documents or information designated as "Confidential" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either destroy all such

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:07-CV-2320-GEB-GGH

materials or return them to counsel for the party or non-party who initially produced the documents or information, except that counsel may retain their work product copies of court filings and official transcripts and exhibits, provided that the party that retains the "Confidential" documents or information continues to treat them in the manner provided herein. The provisions of this Protective Order shall survive the conclusion of this action, and the Court will retain jurisdiction to enforce them.

### **Amendment of this Agreement/Counterparts**

XI.   The provisions of this Protective Order may only be modified at any time by written stipulation of the parties approved by order of the Court.  In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.  This Protective Order may be signed in counterparts, and may include a facsimile signature as an original.

### **Reservation of Rights**

XII.   Nothing in this Protective Order shall constitute: (a) any agreement by the parties to produce any documents or supply any information in discovery not otherwise agreed upon or required by Court order; (b) a waiver by any person or party of any right to object to or seek a further Protective Order with respect to any discovery request in this or in any other action; (c) a waiver of any claim or immunity or privilege with regard to any testimony, document, or information; or (d) an admission or concession by any party that the information designated "Confidential" hereunder is, in fact, confidential, proprietary, a trade secret or otherwise protectable.

STIPULATED AND AGREED TO:

Dated: August 6, 2009

*For Environmental Plaintiffs:*

August 6, 2009            By:      s/ Sarah Lipton-Lubet (as authorized on 08/06/2009)

                                        MICHAEL E. WALL (Cal. Bar No. 170238)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter Street, 20th Floor
San Francisco, California 94104
Tel.: (415) 875-6100; Fax: (415) 875-6161
E-mail: mwall@nrdc.org

THOMAS CMAR (admitted *pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
2 North Riverside Plaza, Suite 2250
Chicago, IL 60606-9997
Tel.: (312) 651-7906; Fax: (312) 651-7919
E-mail: tcmar@nrdc.org

SARAH LIPTON-LUBET (admitted *pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Ave., NW, Suite 400
Washington, DC 20005
Tel.: (202) 289-2405; Fax: (202) 289-1060
E-mail: slipton-lubet@nrdc.org

SCOTT ALLEN (Cal. Bar No. 178925)
LARIVIERE, GRUBMAN & PAYNE
19 Upper Ragsdale Drive, Suite 200
Monterey, CA 93940
Tel.: (831) 649-7531; Fax: (831) 649-8835
Email: sallen@lgpatlaw.com

DAVID A. NICHOLAS (admitted *pro hac vice*)
20 Whitney Road
Newton, MA 02460
Tel.: (617) 964-1548; Fax: (617) 663-6233
E-mail: dnicholas@verizon.net

Attorneys for plaintiffs Arc Ecology, San Francisco
Baykeeper, and Natural Resources Defense Council, Inc.

*For Plaintiff-Intervenor:*

EDMUND G. BROWN JR.
Attorney General of the State of California

August 6, 2009            By:      s/ Tara L. Mueller (as authorized on 08/06/2009)
CHRISTIANA TIEDEMANN (Cal. Bar No. 105299)
Supervising Deputy Attorney General

Case 2:07-cv-02320-GEB-KJN    Document 71    Filed 08/13/09    Page 10 of 10

```
                              TARA L. MUELLER (Cal. Bar No. 161536)
                              Deputy Attorney General
                              1515 Clay Street, 20th Floor
                              P. O. Box 70550
                              Oakland, CA 94612-0550
                              Telephone: (510) 622-2136 (Mueller)
                              (510) 622-2218 (Tiedemann)
                              Fax: (510) 622-2270

                              Attorneys for the California Regional Water
```

*For Defendants*:

```
                              LAWRENCE G. BROWN
                              Acting United States Attorney
                              TODD A. PICKLES
                              Assistant United States Attorney
                              501 I Street, Suite 10-100
                              Sacramento, CA 95814
                              Telephone: (916) 554-2766
                              Fax: (916) 554-2900

                              JOHN C. CRUDEN
                              Acting Assistant Attorney General
                              Environment & Natural Resources Division
```

August 6, 2009        By:      s/ Michelle R. Lambert

```
                              LESLIE M. HILL
                              MICHELLE R. LAMBERT
                              Trial Attorneys
                              United States Department of Justice
                              Environment & Natural Resources Division
                              Environmental Defense Section
                              P.O. Box 23986
                              Washington, DC 20026-3986
                              Telephone:   (202) 616-7501
                              Facsimile:   (202) 514-8865
```

IT IS SO ORDERED.

Dated: _August 13, 2009 _____          /s/ Gregory G. Hollows

                                      United States Magistrate Judge

ARC.po

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:07-CV-2320-GEB-GGH

-10-