IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARC ECOLOGY; SAN FRANCISCO )
BAYKEEPER; and NATURAL RESOURCES )
DEFENSE COUNCIL, INC., )
                                )
         Plaintiffs, )   2:07-cv-2320-GEB-GGH
                                )
    and )
                                )
CALIFORNIA REGIONAL WATER QUALITY )
CONTROL BOARD, SAN FRANCISCO BAY )   <u>ORDER ON CROSS MOTIONS FOR</u>
REGION, )   <u>PARTIAL SUMMARY JUDGMENT</u>
         Plaintiff- )
         Intervenor, )
    v. )
                                )
UNITED STATES MARITIME )
ADMINISTRATION; SEAN T. )
CONNAUGHTON, in his official )
capacity as Maritime Administrator; )
UNITED STATES DEPARTMENT OF )
TRANSPORTATION; and MARY E. )
PETERS,[1] in her official capacity )
as Secretary of Transportation, )
                                )
         Defendants. )
_____ )

         The parties' cross-motions for partial summary judgment were heard on November 9, 2009. This case concerns the operation and management of the Suisun Bay Reserve Fleet ("SBRF"). Plaintiffs Arc Ecology, San Francisco Baykeeper, and Natural Resources Defense Council, Inc. ("Plaintiffs") and Plaintiff-Intervenor, the California Regional Water Quality Control Board, San Francisco Bay Region ("Plaintiff-Intervenor") have moved for partial summary judgment on

---

[1] Defendant Mary E. Peters has been replaced by Ray H. LaHood.

1

1  Plaintiffs' Seventh Claim and Plaintiff-Intervenor's First Claim for
2  Relief.  These claims allege Defendants' liability under section
3  301(a) and 505(a) of the Clean Water Act ("CWA"), 33 U.S.C. §§
4  1311(a), 1365(a), for discharge of pollutants from the non-retention
5  vessels of the SBRF to navigable waters.
6       Plaintiffs have also moved for partial summary judgment on
7  the Fifth and Sixth Claims in their First Amended Complaint.
8  Plaintiffs' Fifth Claim alleges Defendants' liability under sections
9  7002(a)(1)(a) and 6001(a) of the Resource Conservation and Recovery
10 Act ("RCRA"), 42 U.S.C. §§ 6972(a)(1)(a), 6961(a), and the California
11 Hazardous Waste Control Law,  Cal. Health & Safety Code §§ 25201(a),
12 25189.2, and 25189, for unlawful disposal and/or storage of hazardous
13 waste.  Plaintiffs' Sixth Claim alleges Defendants' liability under
14 Sections 7002(a)(1)(a), 4005, and 6001(a) of RCRA, 42 U.S.C. §§
15 6972(a)(1)(a), 6945, 6961(a), for open dumping.
16      Defendants have cross-moved for summary judgment on each of
17 these claims.  However, during the course of briefing, Defendants
18 informed the Court that their cross-motion was moot except as to
19 Plaintiffs' Sixth Claim, which involves open dumping.
20      After consideration of the moving and opposition papers, and
21 all other matters presented to the Court, this order issues.

## The Clean Water Act Claims
### (Plaintiffs' Seventh Claim and Plaintiff-Intervenor's First Claim)

24 1.   The non-retention vessels of the SBRF are "point sources" subject
25 to the permitting requirements of the CWA. 33 U.S.C. §§ 1362(14),
26 1311(a).
27 2.   Suisun Bay is a "navigable water" within the meaning of the CWA.
28 Id. § 1362(7).

3. Exfoliated paint and other materials discharged from the SBRF non-retention vessels to Suisun Bay are "pollutants" under the CWA. Id. § 1362(6).

4. Since at least October 5, 2007, Defendants have been and continue to be in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging pollutants from each SBRF non-retention vessel into the waters of Suisun Bay without a valid National Pollutant Discharge Elimination System permit.

5. Summary judgment on liability is hereby **GRANTED** to Plaintiffs and Plaintiff-Intervenor and **DENIED** to Defendants on Plaintiffs' Seventh Claim and Plaintiff-Intervenor's First Claim.

## The Hazardous Waste Claim
## (Plaintiffs' Fifth Claim)

6. Each SBRF non-retention vessel contains exfoliated paint that constitutes hazardous waste. CAL. CODE REGS., tit. 22, § 66261.3 (defining "hazardous waste").

7. Defendants are generators of hazardous waste at the SBRF site. Id. § 66260.10 (defining "generator").

8. Under California's Hazardous Waste Control Law and implementing regulations, a generator may not accumulate hazardous waste on-site for more than ninety days without a permit, subject to certain exceptions not applicable here. Id. § 66262.34(a), (c). In addition, "a generator who accumulates hazardous waste for more than 90 days is an operator of a storage facility" and is required to have a permit, subject to certain exceptions not applicable here. Id. § 66262.34(c).

9. California's Hazardous Waste Control Law prohibits the storage of hazardous waste for more than ninety days without a permit or other authorization, subject to certain exceptions not applicable here.

1  CAL. HEALTH & SAFETY CODE §§ 25201(a), 25189.5, 25189.2.  Defendants do
2  not have a permit or other authorization to store hazardous waste at
3  the SBRF site for more than ninety days.
4  10.  Defendants do not contest that each SBRF non-retention vessel has
5  accumulated exfoliated paint that is hazardous waste at the SBRF site
6  for more than ninety days.  This accumulation has been ongoing since
7  at least October 29, 2002.  Defendants have no permit or other
8  authorization for this accumulation.  Accordingly, since at least
9  October 29, 2002, Defendants have been and continue to be in violation
10 of Cal. Health & Safety Code §§ 25201(a), 25189.5, 25189.2, and 42
11 U.S.C. § 6961(a).
12 11.  Summary judgment on liability is hereby **GRANTED** to Plaintiffs and
13 **DENIED** to Defendants on Plaintiffs' Fifth Claim.

### The Open Dumping Claim

### (Plaintiffs' Sixth Claim)

16 12.  Plaintiffs and Defendants cross move for summary judgment on
17 Plaintiffs' Sixth claim in which Plaintiffs allege Defendants'
18 maintenance of the SBRF violates RCRA's "open dumping" prohibition;
19 specifically, Plaintiffs allege Defendants are violating the surface
20 water criterion promulgated by the United States Environmental
21 Protection Agency ("EPA") in 40 C.F.R. § 257.3-3(a).
22 13. This regulation references Section 4004(a) of RCRA, 42 U.S.C. §
23 6944(a), in its introduction, stating: "[f]or purposes of ***Section***
24 ***4004(a) of [RCRA]***, a facility shall not cause a discharge of
25 pollutants into waters of the United States that is in violation of
26 the requirements of the National Pollutant Discharge Elimination
27 System (NPDES) under Section 402 of the [CWA], as amended." (emphasis
28 added).  Although Defendants concede that each SBRF vessel is

4

discharging pollutants into navigable waters without a Section 402 permit required under the CWA, Defendants argue Plaintiffs are not authorized to bring a citizen suit for enforcement of the EPA's surface water criterion promulgated under Section 4004(a) because this criterion is only enforceable by States.

14. Section 4004(a) of RCRA authorizes the EPA to promulgate criteria determining which facilities are open dumps for State waste planning purposes. Specifically, Section 4004(a) provides that "after consultation with the States . . . the [EPA] shall promulgate regulations containing criteria for determining which facilities shall be classified as sanitary landfills and which shall be classified as open dumps . . . ." 42 U.S.C. § 6944(a).

15. The EPA added the prefatory language, "[f]or purposes of Section 4004(a) of [RCRA]," to 40 C.F.R. § 257.3-3(a) in 1981 to preclude the exact sort of claim Plaintiffs allege in their Sixth Claim for Relief. Guidelines for Development and Implementation of State Solid Waste Management Plans, 46 Fed. Reg. 47048, 47,052 (Sept. 23, 1981)(to be codified at 40 C.F.R. pt. 257). The 1981 final rule states, in relevant part:

> ***Today's amendments also modify the surface-water criterion of § 257.3-3. As originally promulgated, that standard would have made discharges violating requirements under Section 402 or Section 404 of the Clean Water Act open dumping practices as well. A party causing such a violation could simultaneously be subject to penalties under the CWA and a citizen suit to enjoin 'open dumping' under RCRA. Today's amendment eliminates this double liability.*** However, since the open dump inventory classification for purposes of the State planning program does not impose legal sanctions under RCRA, the Criteria retain the provision that a violation of Section 402 or Section 404 makes a facility an open dump.
>
> All but one commenter who addressed this issue supported the change. The commenter who opposed

> argued that the Government should not limit enforcement options. ***EPA believes that the CWA enforcement mechanisms are sufficient to handle violations under Sections 402 and 404.***

Guidelines for Development and Implementation of State Solid Waste Management Plans, 46 Fed. Reg. at 47,050 (emphasis added). Since a discharge of pollutants in violation of the CWA could be addressed under the CWA, the EPA limited enforcement of the surface water criterion promulgated under Section 4004(a) of RCRA to States. See Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp., 450 F. Supp. 2d 467, 486-87 (D.N.J. 2006)(finding that "[Section] 4004(a) of [RCRA] . . . exists only to guide State governments in the development of solid waste management programs" and agreeing with and citing Long Island Soundkeeper Fund, Inc. v. New York Athletic Club, No. 94-0436, 1996 WL 131863, at *11 (S.D.N.Y. Mar. 22, 1996) for the proposition that "the language of the regulations and the accompanying EPA commentary make clear that the EPA did not intend for the surface water criteria promulgated under [S]ection 4004(a) of RCRA (42 U.S.C. § 6944(a)) to authorize citizen suits for open dumping practices in violation of [S]ection 4005(a) of RCRA (42 U.S.C. § 6945(a)).")

16. However, Plaintiffs contend the EPA reversed itself with amendments in 1996 by adding language to the "Scope and purpose" of the EPA's regulations in 40 C.F.R. §§ 257.1(a)(1) and (a)(2), arguing the amendments authorize their citizen suit.

17. The 1996 amendments do not support Plaintiffs' argument. The introduction to the "Scope and purpose" of the EPA regulations states in Section 257.1(a) that "***[u]nless otherwise provided***, the criteria in §§ 257.1 through 257.4 are adopted for determining which solid waste disposal facilities and practices pose a reasonable probability of adverse effects on health or the environment under sections 1008(a)(3)

6

1  and 4004(a) of [RCRA]." (emphasis added).  Section 257.3-3 provides
2  otherwise since it is limited to enforcement by States.
3  18. Further, there is no mention in the preamble to the 1996 final
4  rule or in the preamble to the 1995 proposal of that rule indicating
5  that the EPA intended to undo the effect of the 1981 amendments.  <u>See</u>
6  Criteria for Classification of Solid Waste Disposal Facilities and
7  Practices, 61 Fed. Reg. at 34,252-69; Criteria for Classification of
8  Solid Waste Disposal Facilities and Practices, 60 Fed. Reg. 30,964,
9  30,964-82 (proposed June 12, 1995)(to be codified at 40 C.F.R. pt.
10 257).  Had the EPA intended to make such a substantive change in the
11 regulations, it could be expected that change, and the EPA's rationale
12 for it, would have been discussed in the preamble.
13 19.  Therefore, the Court lacks citizen suit jurisdiction over
14 Plaintiffs' Sixth claim.  <u>See</u> <u>Hackensack</u>, 450 F. Supp. 2d at 486-87
15 (finding "Plaintiffs . . . improperly commenced a citizen suit
16 pursuant to RCRA seeking a remedy in violation of 257.3-3" because
17 "the EPA did not intend for the surface water criteria promulgated
18 under section 4004(a) of RCRA (42 U.S.C. § 6944(a)) to authorize
19 citizen suits for open dumping practices in violation of section
20 4005(a) of RCRA (42 U.S.C. § 6945)"); <u>see also</u> <u>Jones v. E.R. Snell</u>
21 <u>Contractor, Inc.</u>, 333 F.Supp.2d 1344, 1350 (N.D. Ga. 2004)(not citing
22 40 C.F.R. § 257.3-3, but granting summary judgment for Defendants on
23 Plaintiff's RCRA claims because "[t]he EPA's. . . [1981] final version
24 of [RCRA]'s criteria noted that the regulations were designed to
25 eliminate double liability under the [CWA] and [RCRA] . . . [and] the
26 pollution issues in this case are covered by the [CWA] . . . .")
27 20.  For the stated reasons, Plaintiffs' motion for summary judgment
28 on their Sixth Claim for Relief is **DENIED,** and Defendants'

7

cross-motion for summary judgment on Plaintiffs' Sixth Claim for Relief is **GRANTED**.

   IT IS SO ORDERED.

Dated: January 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge